FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

97 AUG -4 AM 9: 45

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| KIRKLAND RIDGEL, | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) CV-96-AR-0893-S |
| TURNER RENTAL, | ) |
| Defendant. | ) |

ENTERED

AUG 4   1997

**MEMORANDUM OPINION**

The court has before it a motion for summary judgment filed by defendant, Turner Rental, in the above-entitled action. For the reasons set forth below, defendant's motion is due to be granted in part and denied in part. The motion is due to be granted insofar as it relates to plaintiff's 42 U.S.C. § 2000e ("Title VII") claim for hostile work environment. Furthermore, because plaintiff concedes his Title VII and 42 U.S.C. § 1981 claims for discriminatory promotion, demotion and job assignments, defendant's motion for summary judgment on these claims is similarly due to be granted. The remainder of the motion is due to be denied. The pertinent facts are set forth in the argument below.

### A. Summary Judgment Standard

Rule 56 states, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

F. R. Civ. P. 56(c). As stated by the Eleventh Circuit, "[s]ummary judgment is appropriate where there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law." *Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1061 (11th Cir. 1994).

### B. Legal Analysis

#### 1. Hostile Work Environment

> The threshold question [of plaintiff's Title VII hostile work environment claim] is whether [Ridgel] filed a timely charge with the E.E.O.C. In order to be timely, the charge must have been filed within 180 days of the "alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).

*Beavers v. American Cast Iron Pipe Co*, 975 F.2d 792, 796 (11th Cir. 1992). For the reasons set forth below, this court determines that all relevant incidents that could be construed as racial harassment in this action occurred more than 180 days prior to plaintiff filing his E.E.O.C. complaint. Accordingly, plaintiff's Title VII hostile work environment claim is due to be dismissed.

According to plaintiff, sometime in 1990 or 1991, a white serviceman named Tony at Turner Rental told other employees,

2

including plaintiff, who is black, that Tony is from Mississippi and that "they used to hang guys in Mississippi." (Plaintiff Depo. at 37). After this statement nooses were allegedly thrown over the beams at defendant's Lorna Road location and were left there for approximately three to five days. Plaintiff alleges that his manger, Mark Deuser ("Deuser"), was aware of this conduct and did nothing to abate it. Also during plaintiff's first stint at defendant's Lorna Road location, plaintiff was accused by Deuser of stealing an air compressor. While plaintiff claims Deuser kept bringing the subject up, no adverse action was ever taken against plaintiff. Plaintiff was the only black employee at the Lorna Road location and he was the only person accused of stealing the compressor. During this time period, plaintiff says that he worked as a "mechanic" but only received a serviceman's pay.

Plaintiff was then transferred from the Lorna Road location to defendant's Centerpoint location. He worked in Centerpoint from 1992-95. During either 1993 or 1994 plaintiff and another black employee were allegedly accused of stealing, though no white employee was so accused. During his tenure at the Centerpoint location plaintiff was apparently subjected to some as of yet undefined verbal abuse. During this time plaintiff claims he was paid less than other employees who did similar jobs.

During the 180 day period preceding August 15, 1995, when plaintiff filed his E.E.O.C. complaining the only derogatory racial comment or action directed at plaintiff occurred in May 1995. At that time he was allegedly called a "pussy" for having requested transfer from the Centerpoint store back to defendant's Lorna Road location. Plaintiff further claims that he was "harassed" during the entire period of his employment with defendant because he was allegedly paid less than other similarly situated white employees.

It is undisputed that the majority of the harassing incidents of which plaintiff complains occurred well before Title VII's 180 day filing time. The only alleged harassing conduct that occurred during the 180 day window was his being called a "pussy." Plaintiff contends that this one incident is enough to bootstrap an otherwise untimely Title VII hostile work environment claim into the 180 day period under a "continuing violation" theory.

If plaintiff is correct that defendant's harassment was continuous during plaintiff's employment, then plaintiff was not required to file his E.E.O.C. complaint until 180 days after defendant's last harassing action. *See Beavers,* 975 F.2d at 796.

> This equitable exception arises "[w]here the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Abrams v. Baylor College of Medicine,* 805 F.2d 528, 532 (5th Cir. 1986).

4

>In order to sustain a claim under this exception known as continuing violation, the plaintiff must show that at least one incident of harassment occurred within the 180 day period. *Id*. at 533.

*Waltman v. International Paper Co.*, 875 F.2d 468, 474-75 (5th Cir. 1989) (emphasis added). While being called a "pussy" is insulting, it is not a racially hostile act. Neither is being paid less than other similarly situated employees. Despite plaintiff's contention, the latter conduct is reserved for a separate Title VII theory, namely disparate treatment. This type of non-racial, vulgar conduct occurring one time within the 180 day window is not an act upon which plaintiff can bootstrap his racial harassment claim. If it were, then all insults, however slight or racially benign, could allow any plaintiff to proceed upon a hostile environment claim that would otherwise be barred by the statute. This would allow plaintiffs to circumvent Title VII's requirement that they diligently enforce their rights without delay. Accordingly, defendant's motion for summary judgment, as to plaintiff's Title VII hostile work environment claim is due to be granted.

This court is obligated to point out, even though plaintiff did not attempt to, that defendant moved for summary judgment only as to the Title VII aspect of plaintiff's hostile work environment

5

claim, even though plaintiff asserted a 42 U.S.C. § 1981 claim as well. While commonly asserted with Title VII claims, § 1981 provides a separate and distinct cause of action. Section 1981 claims are not regulated by the administrative requirements of Title VII, including the 180 day filing requirement. *See Winbush v. State of Iowa*, 66 F.3d 1471, 1486 (8th Cir. 1995); *Stafford v. Muscogee County Board of Education,* 688 F.2d 1383 (11th Cir. 1982). While defendant may have had a statute of limitations defense to plaintiff's § 1981 claims, *see Stafford,* 688 F.2d at 1389-90, such a defense was never raised in defendant's answer as required by Rule 8(c) F.R.Civ.P., or in a Rule 12 F.R.Civ.P. motion, or in the present Rule 56 F.R.Civ.P. motion. Accordingly, plaintiff's § 1981 claims cannot be dismissed based on the 180 day limitation or on any non-asserted statute of limitations.

Probably because defendant only addressed this action in terms of Title VII, it only argues that the events which occurred during the 180 period were not, taken as a whole, sufficiently severe or pervasive enough to create a hostile work environment under the Supreme Court's framework articulated in *Harris v. Forklift Systems,* 510 U.S. 17, 114 S. Ct. 367 (1993). *See also Watkins v. Bowden,* 105 F.3d 1344, 1355 (11th Cir. 1997)(adopting *Harris*

analysis in a Title VII and 42 U.S.C. § 1983 claim of racially hostile work environment); *Vance v. Southern Bell Telephone and Telegraph Co.*, 863 F.2d 1503, 1509 n.3 (11th Cir. 1989)(elements of hostile environment claims are the same under § 1981 and Title VII where the harassment caused plaintiff to stop working). A provocative recent case, sure to cause controversy, is *Oates v. Discovery Zone*, ___F.3d.___, 1997 WL 342883 (7th Cir. June 23, 1997), in which the Seventh Circuit holds that a supervisor's refusal to remove from his workplace a picture depicting a black employee as a monkey is insufficient to support a prima facie case of race discrimination in violation of Title VII or § 1981.

This court would go along with defendant if the only relevant acts of so-called harassment occurred with the 180 day window. Unfortunately for defendant, these few acts of alleged discrimination are not, as discussed *supra*, the only relevant events for determining whether a § 1981 harassment claim exists. Accordingly, largely if not entirely, because defendant has failed to argue that the events taken over plaintiff's entire work history do not constitute a § 1981 hostile work environment claim, and because this court is unwilling to make such an argument for it by extrapolation from *Oates*, defendant's motion for summary judgment

as to this claim will be denied.

## 2. Racial Discrimination

Plaintiff complains only of racial discrimination, under both Title VII and § 1981, based on the disparity of his pay with relation to similarly situated white employees. Plaintiff has conceded the lack of merit of his claims for discriminatory promotion, demotion, and job assignments. (Plaintiff's Brief in Opposition to Summary Judgment at 10 n.8). Judgment for defendant is therefore warranted on these claims.

As to plaintiff's remaining Title VII and § 1981 claims for disparate pay there is a sufficient dispute of material fact that would allow a jury to determine that defendant intentionally discriminated against plaintiff based on his race. Accordingly defendant's motion for summary judgment as to this claim will be denied.

A separate and appropriate order will be entered.

DONE this 4th day of August, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT